EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

DAVID L. PERRY,

            Plaintiff,

v.

LTD, INC., *et al.*,

            Defendants.

Civil Action No. 3:14–CV–148

## **MEMORANDUM OPINION**

THIS MATTER comes before the Court on a Motion to Dismiss (ECF No. 44) filed by Wells Fargo Bank, National Association ("Wells Fargo") and a Motion to Dismiss (ECF No. 50) filed by Santander Consumer USA, Inc. ("Santander") (collectively, "Defendants"). Defendants argue that the Amended Complaint filed by Plaintiff David L. Perry ("Plaintiff") should be dismissed under Rule 12(b)(6). For the reasons stated below, the Court will GRANT Defendants' Motions.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 6, 2014, Plaintiff commenced this civil action. He names as defendants an automotive dealership and seven (7) lenders that provide automotive financing, alleging violations of the Fair Credit Reporting Act ("FCRA"). Plaintiff filed an Amended Complaint on May 13, 2014, asserting that the defendants, including Wells Fargo and Santander, had no legitimate business need to obtain or use Plaintiff's consumer reports, thus, violating the FRCA. *See* 15 U.S.C. § 1681b(f). Plaintiff claims that: (1) Wells Fargo and Santander obtained Plaintiff's consumer reports prepared by one or more credit reporting agencies; (2) Wells Fargo and Santander used Plaintiff's consumer report; (3) Wells Fargo and Santander did not have a permissible purpose to obtain or use the Plaintiff's consumer report; (4) no court ever issued an order providing that Wells Fargo or Santander could obtain or use Plaintiff's consumer reports;

and (5) Plaintiff did not provide written instructions to Wells Fargo or Santander allowing them to obtain or use his consumer reports. (Am. Compl. ¶¶ 63-67, 131-35). Plaintiff also contends that Wells Fargo and Santander: (1) did not obtain or use Plaintiff's consumer reports in connection with a credit transaction involving the Plaintiff and involving the extension of credit to, or review or collection of an account of, the Plaintiff; (2) did not obtain or use the Plaintiff's consumer reports for employment purposes; (3) did not obtain or use the Plaintiff's consumer reports in connection with the underwriting of insurance involving the Plaintiff; (4) did not obtain or use the Plaintiff's consumer reports to determine Plaintiff's eligibility for a license or other benefit granted by a governmental instrumentality required by law to consider an applicant's financial responsibility or status; and (5) did not obtain or use Plaintiff's consumer reports as a potential investor or servicer, or current insurer, in connection with a valuation of, or an assessment of the credit or prepayment risks associated with, Plaintiff's existing credit obligation. (*Id.* ¶¶ 68-73, 136-40). Plaintiff reportedly did not initiate a business transaction with Wells Fargo or Santander nor did Plaintiff have an account with Wells Fargo or Santander. (*Id.* ¶¶ 74, 75, 141-42).

Wells Fargo filed its Motion to Dismiss on May 28, 2014. Santander filed its Motion to Dismiss on May 30, 2014. Wells Fargo requests that this Court enter an Order (1) granting its Motion to Dismiss; (2) dismissing the Plaintiff's Amended Complaint with prejudice; (3) awarding Wells Fargo attorneys' fees and costs in this action; and (4) granting it such other and further relief that this Court deems fair and just. Santander requests that the Court grant its Motion to Dismiss and award Santander such other relief as the Court may deem appropriate in this action. Plaintiff filed an opposition to Wells Fargo's Motion on June 11, 2014. Plaintiff filed an opposition to Santander's Motion on June 12, 2014. Wells Fargo and Santander replied on June 17 and June 18 respectively. This matter is now ripe for review and a hearing was held on July 10, 2014.

//

## II. LEGAL STANDARD

A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, rather than the facts supporting it. Fed. R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007); *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). A court ruling on a Rule 12(b)(6) motion must therefore accept all of the factual allegations in the complaint as true, *see Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001), in addition to any provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and must view these facts in the light most favorable to the plaintiff, *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). The Court can consider the complaint, its attachments, and documents "attached to the motion to dismiss, so long as they are integral to the complaint and authentic." *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007).

To survive a motion to dismiss, a complaint must contain factual allegations sufficient to provide the defendant "notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8(a)(2) requires the complaint to allege facts showing that the claim is plausible, and these "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 540 U.S. at 555; *see id.* at 555 n.3. The Court need not accept legal conclusions presented as factual allegations, *id.* at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

## III. ANALYSIS

### A. Illegal Use

Plaintiff contends that he is not required to plead why Defendants obtained or used his consumer report. Plaintiffs' Complaint, while more elaborate, amounts to the complaint in

3

*Chavez v. Premier Bankcard, LLC*, where a plaintiff simply alleged that defendants violated the FCRA by obtaining his credit report without a permissible purpose. No. 1:11-CV-01101 LJO, 2011 WL 4738323, at *2 (E.D. Cal. Oct. 6, 2011). Unlike in other similar cases, here, Plaintiff has more elaborately tracked the language of section 1681b in an attempt to demonstrate that Defendants did not have a permissible purpose to obtain or use his consumer report. It is unclear on the face of the Complaint, however, why or when the report or reports were requested by Defendants. Plaintiff has pled no facts showing the underlying circumstances of Defendants' alleged actions. As stated in *Twombly*, "factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555. Plaintiff's allegations that Defendants "obtained and used" his credit report does not pass muster under *Twombly* and *Iqbal*.

### B. Requisite Intent

Factually bare allegations in the context of an FCRA claim have been held to be insufficient by many courts. *See, e.g., Edwards v. Equifax Info. Servs. LLC*, No. 309CV622-HEH, 2009 WL 5178264, at *2 (E.D. Va. Dec. 24, 2009). Plaintiff does allege that Defendants acted willfully and negligently. However, "a mere assertion of willful noncompliance with the FCRA will not, on its own, satisfy Rule 8(a)." *Singleton v. Domino's Pizza, LLC*, CIV. No. A. DKC 11-1823, 2012 WL 24596, at *4 (D. Md. Jan. 25, 2012) (citing *Ogbon v. Beneficial Credit Servs., Inc.*, 10 CV 03760 GBD, 2011 WL 347222 (S.D.N.Y. Feb. 1, 2011)) (dismissing a complaint asserting FCRA violations where the plaintiff alleged only that "Defendants acted willfully"). As such, Plaintiff's allegations of willful and negligent conduct have not been sufficiently pled.

### IV. CONCLUSION

Because Defendant has not sufficiently pled the requisite elements of any FCRA violation, the Court will GRANT Defendants' Motions to Dismiss. Because Wells Fargo has not met its burden to show that attorneys' fees are appropriate, the Court will decline to award them.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record. An

appropriate Order shall issue.

>_____/s/_____
>James R. Spencer
>Senior U. S. District Judge

ENTERED this    17th    day of July 2014.

5